UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MATTHEW DANIEL HALL                                               PLAINTIFF

V.                                   CIVIL ACTION NO. 3:23-CV-3047-KHJ-MTP

COMMISSIONER OF SOCIAL SECURITY                     DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [17] Report and Recommendation. The [17] Report recommends (1) affirming in part and reversing in part the Social Security Administration's (SSA) decision, (2) remanding this action to the SSA to redetermine if medical improvement has occurred, and (3) denying all other relief requested by Plaintiff Matthew Hall. The Court adopts the [17] Report and remands this case to the SSA for further administrative proceedings in accordance with the [17] Report.

The SSA found that Hall was disabled in 2018. [17] at 1. But in 2021, SSA found that Hall "was no longer disabled due to medical improvement." *Id.* at 2. An Administrative Law Judge (ALJ) affirmed the SSA's decision, and Hall appealed to the SSA's Appeals Council, which denied his request for review. *Id.* Hall then appealed to this Court. *Id.*

The Magistrate Judge found that the ALJ did not perform the substantive comparison of prior and current medical evidence necessary to find that medical improvement occurred. *Id.* at 7–8. Finding that Hall's other issues lacked merit, the

Magistrate Judge recommended that this action be remanded to the SSA solely "to determine whether medical improvement has occurred by comparing prior and current medical evidence." *Id.* at 9.

The Court must review de novo a Magistrate Judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). But when no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

No party has objected to the [17] Report, and the time to do so has now passed. *See* § 636(b)(1). Finding the [17] Report neither clearly erroneous nor contrary to law, the Court ADOPTS the [17] Report as its opinion and REMANDS this action to the SSA for further administrative proceedings in accordance with the [17] Report. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision.

The Court remands this case under sentence four of 42 U.S.C. § 405(g). "Under [Section] 405(g), each final decision of the [SSA] is reviewable by a separate piece of litigation, and a sentence-four remand order terminates the civil action seeking judicial review of the [SSA's] final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (cleaned up). A sentence-four remand order must "accompany a final judgment affirming, modifying, or reversing the administrative decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991); *see also Shalala*, 509 U.S. at 303. Thus, the Court will enter a separate final judgment consistent with this Order.

3

SO ORDERED, this 10th day of December, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
